UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYES HERNANDEZ, for himself and on behalf of those similarly situated,

    Plaintiff,

vs.

Case No.:

ROCK SOLID COUNTER TOPS & MORE, INC., a Florida Profit Corporation, and HUGO VARGAS, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, REYES HERNANDEZ ("Plaintiff"), for himself and on behalf of other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, ROCK SOLID COUNTER TOPS & MORE, INC. ("ROCK SOLID"), a Florida Profit Corporation, and HUGO VARGAS ("VARGAS"), individually; (collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

3. Venue is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## PARTIES

4. At all times material hereto, Plaintiff worked for Defendants as a non-exempt installer. Specifically, Plaintiff worked for Defendants from December 28, 2009, through December 14, 2017.

5. At all times material hereto, ROCK SOLID was, and continues to be a Florida Corporation, with its corporate headquarters located in Naples, Florida.

6. At all times material hereto, ROCK SOLID was, and continues to be, engaged in business in Florida, with a principle place of business in Collier County, Florida.

7. VARGAS is, was and held himself out to the public as ROCK SOLID's Owner.

8. At all times material hereto, VARGAS was and is a resident of the State of Florida.

9. At all times relevant to this action, VARGAS managed and operated ROCK SOLID on a day-to-day basis.

10. At all times material hereto, VARGAS regularly exercised the authority to hire and fire employees of ROCK SOLID.

11. At all times material hereto, VARGAS determined the work schedules for the employees of ROCK SOLID.

12. At all times material hereto, VARGAS controlled the finances and operations of ROCK SOLID.

13. At all times material hereto, VARGAS was and is an employer as defined by 29 U.S.C. 201 *et. seq.*

## COVERAGE

14. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

15. At all times material to this action, Defendant ROCK SOLID, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendant ROCK SOLID was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including hand tools, automobiles, manufactured homes and parts of manufactured homes.

18. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

20. On or about December 28, 2009, Defendants hired Plaintiff to work as a non-exempt installer for Defendants' residential and commercial countertop installation services.

21. Plaintiff was initially paid by the hour, but later was paid a piece rate for his work.

22. When Plaintiff was paid by the hour, all other installers were also paid by the hour. When Plaintiff was paid a piece rate, all other installers were also paid a piece rate.

23. Defendants initially had a timeclock, when they paid by the hour. However, when the pay structure was changed to a piece-rate structure, Defendant stopped recording hours.

24. Plaintiff's job duties included, but were not limited to, installing granite countertops.

25. Defendants misclassified Plaintiff, and other installers, as Independent Contractors.

26. Plaintiff, and other installers, did not have the ability to negotiate their rate(s) of pay.

27. Plaintiff, and other installers, did not negotiate their rate(s) of pay, rather their rate(s) of pay was pre-set by Defendants.

28. Plaintiff, and other installers, were required to follow all of Defendants' company policies and procedures.

29. Defendants determined Plaintiff's work schedule until the termination of his employment with Defendants in December 2017.

30. Defendants determined the work schedules of other installers.

31. Defendants provided all of the supplies necessary for Plaintiff, and other installers, to perform their work.

32. Plaintiff was not incorporated or otherwise in business for himself during the time that he performed work for Defendants.

33. Upon information and belief, no other installers were incorporated or otherwise in business for themselves when they performed work for Defendants.

34. If Plaintiff or other installers wished to take a day off, they were required to request permission from Defendants.

35. Plaintiff and other installers did not generate any of their own work installers, rather,

they received all of their assignments from Defendants.

36. Plaintiff's and other installers' opportunity for profit or loss did not depend on their entrepreneurial skills.

37. The work Plaintiff and other installers did was essential and integral to Defendants' countertop installation services.

38. Plaintiff worked for Defendants for over seven years.

39. Plaintiff did not require any training or certifications to do his job for Defendants.

40. Defendants controlled the way in which Plaintiff performed his work, by instructing Plaintiff in the way Defendants wanted the work performed.

41. Defendants set rules and guidelines governing Plaintiff's employment, including but not limited to hours of work, and Plaintiff's rate of pay.

42. Plaintiff did not have the ability to alter or change the terms of his employment.

43. Plaintiff was economically dependent upon Defendants for his livelihood from at least 2009 until his termination in 2017. Specifically, Plaintiff earned 100% of his income from Defendants between at least 2009 and December 2017.

44. Defendants knew or should have known that Plaintiff was economically dependent on Defendants and not in business for himself, as he routinely worked over 40 hours per week for Defendants.

45. Plaintiff and other installers routinely worked for Defendants in excess of forty (40) hours within a work week.

46. From at least 2009, and continuing through December 14, 2017, Defendants failed to compensate Plaintiff and other installers at rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

47. Plaintiff and other installers should be compensated at the rate of one and one-half times their regular rate for those hours that Plaintiff and other installers worked in excess of forty (40) hours per week as required by the FLSA.

48. The additional persons who may become Plaintiffs in this action also "worked" for Defendants as installers, worked under the same terms and conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiff, and were denied proper overtime compensation for all overtime hours due to these policies, practices and procedures.

49. Defendants have violated Title 29 U.S.C. §207 from at least 2009, and continuing through December 14, 2017, in that:

    a. Plaintiff, and other installers, worked in excess of forty (40) hours per week during the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff, and other installers, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

50. Defendants' failure and/or refusal to properly compensate Plaintiff, and other installers, at the rates and amounts required by the FLSA was willful, as Defendants knew or with reasonable diligence should have known that they were required to pay for all overtime hours, and to pay a premium for overtime hours, but chose not to pay Plaintiff or other installers at an overtime rate for all of his overtime hours, and also did not pay for more overtime hours at all.

51. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his

rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

52. Plaintiff realleges and reavers paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. From at least 2009, and continuing through at least December 14, 2017, Plaintiff and other installers worked in excess of the forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

54. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

55. Other installers were, and are entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

56. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

57. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

58. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

59. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff, and

those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

60. Based upon information and belief, other installers and former installers of Defendants were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to a policy, plan or decision equally applicable to similarly situated employees.

61. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, requests conditional certification; pursuant to Section 216(b) of the FLSA, of employees who worked for Defendants as installers in the three years preceding the filing of the Complaint, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this10th day of April, 2018.

Respectfully submitted,

*[signature]*

ANGELI MURTHY, ESQ.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-Mail: **Amurthy@forthepeople.com**

*Trial Counsel for Plaintiff*