UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REYES HERNANDEZ, for himself
and on behalf of those similarly
situated

      Plaintiff,

v.                                              Case No: 2:18-cv-244-FtM-99CM

ROCK SOLID COUNTER TOPS &
MORE, INC. and HUGO VARGAS,

      Defendants.

## ORDER

This matter comes before the Court upon review of the Motion for Clerk's Default filed on June 27, 2018, and the Unopposed Motion for Enlargement of Time filed on June 29, 2018. Docs. 12, 13. Plaintiff moved, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, for entry of Clerk's default against Defendants Rock Solid Counter Tops & More, Inc. and Hugo Vargas, but subsequently consented to an extension of time for Defendants to respond to the Complaint. Docs. 12, 13. For the reasons stated below, the motion for Clerk's default is denied as moot, and the motion to extend Defendants' time to respond to the Complaint is granted.

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

When service of process has been effected but no appearance or response

> is made within the time and manner provided by Rule 12, Fed. R. Civ.
> P., the party effecting service shall promptly apply to the Clerk for entry
> of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).

"Courts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, No. 3:11-cv-926-J-35MCR, 2011 WL 4501385, at *1 (M.D. Fla. Sept. 28, 2011) (citing *Kilpatrick v. Town of Davie*, No. 08-60775-CIV, 2008 WL 3851588, at *3 (S.D. Fla. Aug. 15, 2008)). Simply because a defendant fails to timely respond to a complaint, it does not show an intentional or reckless disregard for judicial proceedings. *Id.* The court also considers whether there is a meritorious defense to Plaintiff's claims, and a "mere hint of a suggestion that there is a meritorious defense to the claims alleged is sufficient." *Id.* (internal quotation marks omitted).

Here, when Defendants did not timely file a response to Plaintiff's Complaint, Plaintiff submitted a motion for Clerk's default on June 27, 2018. Doc. 12. Thereafter, Defendants, through counsel, filed a motion requesting additional time to respond to Plaintiff's Complaint, which Plaintiff does not oppose. Doc. 13. The Court finds that Defendants' prompt motion for an extension following the Plaintiff's motion for Clerk's default is sufficient to show "a mere hint of a suggestion" of a meritorious defense. *See Bateh*, 2011 WL 4501385 at *1 (internal quotations omitted). Moreover, Plaintiff has agreed to the extension and will not be prejudiced by the minimal delay the extension causes. *See* Doc. 13 at 2. As such, the motion for Clerk's default has been rendered moot. *See Pedro-Mejia v. Franco Plastering*

*Inc.*, No. 2:17-cv-452-FtM-99CM, 2017 WL 4922201, at *1 (M.D. Fla. Oct. 31, 2017) (stating motion for entry of clerk's default rendered moot by defendants filing response to complaint). Additionally, for good cause shown and because the motion is unopposed, Defendants' motion for extension is granted.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Motion for Clerk's Default (Doc. 13) is **DENIED as moot**.

2. Defendants' Unopposed Motion for Enlargement of Time (Doc. 13) is **GRANTED**. Defendants shall have up to and including **July 19, 2018** to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of June, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record