## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into as of this 25th day of June, 2019, and covers all understandings by and between REYES HERNANDEZ (hereinafter referred to as "Employee" a term which includes his successors, beneficiaries, personal representatives, and heirs), and ROCK SOLID COUNTERTOPS & MORE, INC., and HUGO VARGAS, individually (hereinafter collectively referred to as "Defendants" which is a terms that includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs of each party). Employee and Defendants are hereinafter referred to collectively as the "Parties".

**WHEREAS**, this Agreement is intended by the Parties to be a full and final resolution, compromise, and settlement of any and all legal and/or equitable issues, disputes, actions or causes of action, between them arising directly or indirectly from the matters set forth in the case captioned <u>Reyes Hernandez v. Rock Solid Countertops & More, Inc., et al.</u>, Case No. 2:18-cv-00244-UA-CM, currently pending in the United States District Court for the Middle District of Florida, Fort Myers Division (the "Litigation") from the beginning of time until the date of the execution of this Agreement; and

**WHEREAS**, it is the mutual desire of the Parties to fully and finally resolve any and all disputes between them with regard to the Litigation;

**NOW, THEREFORE**, in consideration of the above-stated premises, the mutual covenants and promises contained herein, and other valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

1. <u>Dismissal</u>.  The Parties agree that Employee shall file a Joint Stipulation of Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) within five (5) calendar days after the approval of this Settlement Agreement by the Court, and the receipt of the settlement check(s) described in Paragraph 4 below have been received by Employee and his counsel, to the extent that the Court does not dismiss the action with prejudice upon approval of this Agreement.  The Parties further agree that they will submit a Joint Motion seeking approval of this Settlement Agreement, and that they characterize the settlement as one that affords Employee appropriate relief, as required by the FLSA, given the facts and circumstances of this matter.

2. The Parties expressly agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by any party of any violation of any federal, state, or local statue or regulation, or any violation of any of a party's rights or of any duty owed by one party to the other.



3. The Parties agree to amicably resolve their dispute for the amount set forth in Paragraph 4 hereof paid by Defendants to Employee.

4. For and in consideration of the promises made by the Employee in this Agreement, the Defendants agree to pay to the total consideration of Twenty-Three Thousand Dollars ($23,000), including reimbursement of the Employee's attorneys' fees and costs. The total sum of $23,000 will be paid as follows: (1) Either on or before June 30, 2019, Defendants shall pay a total of Eight Thousand Dollars ($8,000) to the Employee to compensate him for any liquidated damages, and Defendants will also pay a total of Three Thousand Five Hundred Dollars ($3,500) to Morgan & Morgan, P.A. representing payment of one-half of Employee's attorneys' fees and costs; (2) Either on or before July 31, 2019, Defendants shall pay a total of an additional Eight Thousand Dollars ($8,000) to Employee to compensate for any unpaid wages, less any and all applicable deductions, and Defendants will also pay the total of another Three Thousand Five Hundred Dollars ($3,500) to Morgan & Morgan, P. A. for the other half of Employee's attorneys' fees and costs. Following the payments as aforementioned, Defendants shall have no further responsibility, nor shall they be liable to any person regarding the payment or division of such sum. Defendants are under no duty or obligation to make the aforesaid payment to Employee or his attorneys, and they are doing so solely as consideration for the Employee entering into this Agreement.

5. The payments described in Paragraph 4, above, shall be delivered to Employee's counsel, Angeli Murthy, Esq., at Morgan & Morgan, P.A., 8151 N. Peters Road, Fourth Floor, Plantation, FL 33324, such that same are **received in** Employee's counsel's office by the deadlines set forth above.

6. Defendants shall issue a W-2 to Employee in the amount of Eight Thousand Dollars ($8,000.00) representing payment for unpaid wages, and will issue a 1099 in the amount of Eight Thousand Dollars ($8,000) for their payment of liquidated damages, reporting the amount as "other income." Defendants shall also issue a 1099 to Morgan & Morgan, P.A. in the amount of Six Thousand Dollars ($7,000.00) representing the amount of attorneys' fees and costs incurred by Employee in this matter. ***The Employee is specifically aware of, and agrees with, the amounts to be paid to counsel for representing his interests in this matter.***

In the event that an assessment for back employment taxes, penalties or interest on any payments made to Employee, Employee agrees to pay any such assessment to the extent that the assessment is the result of Employee's failure to make appropriate tax payments, including any and all penalties and interest assessed against him, and to hold Defendants harmless from any and all claims, damages, expenses, attorneys' fees,

      causes of action or suits at law or equity relating in any manner to the taxability of the payment made hereunder to Employee or his attorneys.

7. Subject to the terms of this Agreement, and in consideration of the payments and mutual promises set forth herein and other valuable consideration, the Employee, on behalf of himself and successors, beneficiaries, personal representatives, and heirs, hereby fully RELEASES and FOREVER DISCHARGES the Defendants and their officers, directors, employees, agents, parent corporations or subsidiaries, affiliates or divisions, their successors, assigns, beneficiaries, servants, legal representatives, insurers and the heirs of each party, from any and all rights, remedies, claims, actions, promises, causes of action, suits, attorney's fees, and/or demands, of any kind or description, accrued or contingent, liquidated or un-liquidated, known or unknown, foreseen or unforeseen, in law or in equity, which the Employee has or may have for or on behalf of himself or his successors, beneficiaries, personal representatives, and heirs against the Defendants, or their officers, directors, employees, agents, parent corporations or subsidiaries, affiliates or divisions, their successors, assigns, beneficiaries, servants, legal representatives, insurers and the heirs, arising out of, relating to, connected with, and/or reflected in the Litigation, and/or the claims asserted with respect to the Litigation and/or any conduct or events arising or relating directly or indirectly from or to the same, including specifically but not limited to, any claims that he was not properly compensated for work performed, or that his time was not accurately recorded, or that he was owed any work-related expenses (collectively, the "Released Subject Matter"), from the beginning of time until the date of this Agreement, or which Employee may now or hereafter have against the Defendants (including the related persons and entities set forth above), or any of them, by reason of any matter, act, omission, cause, or event, whichever has occurred or which has been done, relating to, arising under, connected with, or reflected in the Released Subject Matter, up to the date of this Agreement; provided, however, this release shall not apply to any breach of this Agreement.

8. In the event that Defendants or Employee commences an action for damages, injunctive relief, or to enforce the provision(s) of the Agreement, the prevailing party in any such action shall be entitled to an award of its/his reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

9. This Agreement supersedes all prior agreements and understandings between Employee and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Employee and an authorized representatives of Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid party, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

11. The Parties hereby acknowledge, declare, represent, warrant and agree that:

    a. No promise, inducement, understanding or agreement not herein expressed has been made to, by or with the Parties hereto, and this Agreement contains the entire agreement between the Parties;

    b. This Agreement may be executed simultaneously in multiple counterparts, each of which shall be deemed an original, but all of which together shall constituted one and the same instrument and as if fully executed in Collier County, Florida;

    c. A copy of this Agreement shall have the same force and effect as an original signed document;

    d. The terms and provisions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective past and present agents, employees, heirs, successors, executors, administrators, representatives and/or partners and their respective predecessors, successors and/or assigns.

12. The Parties to this Agreement acknowledge that they have read the foregoing, that they have discussed it with their counsel, and that they understand it fully and completely. The Parties further acknowledge that they are executing this Agreement voluntarily and freely for the purposes intended. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

13. This Agreement shall be construed in accordance with the laws of the State of Florida.

14. If one or more of the provisions of this Agreement shall, for any reason, be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect or impair any other term or provision hereof, but this Agreement shall be construed as if such invalidity, illegality or unenforceability had not been contained herein.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the day and year set forth above.

**BY EMPLOYEE:**

**REYES HERNANDEZ:**

Signature: *[signed]*

Printed Name: Reyes Hernandez

Date: 6/25/19

**BY DEFENDANTS:**

**ROCK SOLID COUNTERTOPS & MORE, INC.:**

Signature: *[signed]*

Printed Name: Ismael Hugo Vargas

Its: _____

Date: _____

**HUGO VARGAS:**

Signature: *[signed]*

Printed Name: Ismael Hugo Vargas

Its: _____

Date: _____

5